1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    JANET JENKINS, et al.,                         Case No. 18-mc-80213-TSH

8                  Plaintiffs,

9         v.                                        **ORDER COMPELLING PRODUCTION**

                                                    Re: Dkt. No. 1
10   KENNETH L. MILLER, et al.,

11                 Defendants.

12

13        This motion to compel compliance with a subpoena arises out of an underlying action

14   pending in the District of Vermont, *Jenkins v. Miller*, No. 2:12-cv-184 (D. Vt.).  Plaintiff Janet

15   Jenkins alleges that she entered into a civil union with Lisa Miller in Vermont and Isabella Miller-

16   Jenkins is their daughter.  When Isabella was 17 months old, Miller moved with Isabella to

17   Virginia and petitioned the Vermont family court to dissolve the union.  Around the same time,

18   Miller converted to fundamental Christianity and asserted her new-found belief that

19   homosexuality is sinful and that her daughter should be shielded from it.  The complaint alleges

20   that following dissolution of the civil union, custody over Isabella was initially joint but that

21   Miller interfered with Jenkins' lawful entitlement to see Isabella.  Since January 1, 2010, Jenkins

22   has had sole legal custody of Isabella.  However, Jenkins has not seen her daughter in 10 years

23   because in September 2009, Miller kidnapped Isabella and took her to Nicaragua, where the two

24   had been living in hiding among the Beachy Amish-Mennonite Community.  Jenkins alleges there

25   were a number of co-conspirators in the kidnapping, including Miller's lawyers, the law firm

26   Liberty Counsel.

27        According to Jenkins' counsel's declaration, Liberty Counsel posts an array of information

28   on its various websites, including information about its cases and legal positions.  J. Tyler

1   Clemons Decl., ¶ 2, ECF No. 3.  He states that Liberty Counsel frequently posted on its websites

2   regarding its involvement in the custody battle between Jenkins and Miller and regarding the

3   underlying lawsuit.  *Id*. ¶ 3.  In June 2018, a researcher at the Southern Poverty Law Center, which

4   represents Jenkins, noticed that Liberty Counsel's websites had been removed from the Internet

5   Archive's Wayback Machine.  *Id*. ¶ 5.

6           By way of background, the Internet Archive is a nonprofit organization seeking to build a

7   digital library of the Internet by creating and maintaining an archive of all websites in their current

8   and past forms.  *See* https://archive.org/about/.  As part of this mission, the Internet Archive

9   operates the "Wayback Machine," a search engine-like service that allows members of the public

10  to visit archived versions of websites.  *See*

11  https://archive.org/about/faqs.php#The_Wayback_Machine.

12          Jenkins served the subpoena at issue on the Internet Archive.  Request 1 seeks "[a]ll

13  websites made available by Liberty Counsel, including all documents concerning the domains

14  http://www.lc.org and http://www.libertycounsel.com."  During meet and confer, the Internet

15  Archive represented that it could not access the archived copies of Liberty Counsel's websites

16  without restoring them to the Wayback Machine, thereby making them publicly accessible.

17  Clemons Decl., ¶ 8.  It also stated that its policy is not restore removed websites to the Wayback

18  Machine without permission from the party that requested removal or a court order.  *Id*.  The

19  restoration can be temporary, and once the documents are produced, the archives can again be

20  excluded from the Wayback Machine in the normal manner.  ECF No. 2, Ex. 4.

21          Jenkins now brings this motion to compel compliance with Request 1 of the subpoena.

22  Jenkins filed the motion on December 17, 2018, and the certificate of service states that on

23  December 14, 2018, it was served on Liberty Counsel and other Defendants in the underlying

24  lawsuit and on the Internet Archive.  ECF No. 1.  The deadline to oppose the motion has long

25  since passed, *see* Local Rule 7-3(a), and no opposition has been filed.

26          The Court **GRANTS** Jenkins' motion.  The archived copies of Liberty Counsel's websites

27  can be expected to contain statements about issues central to the underlying lawsuit, such as

28  references to the custody battle between Miller and Jenkins.  The archived websites may also

1  contain evidence of Liberty Counsel's animus toward LGBT people, which is an element of

2  Jenkins' second claim for relief under 42 U.S.C. § 1985(3).  Request 1 of the subpoena does not

3  appear to be burdensome for the Internet Archive to comply with.  Liberty Counsel has not

4  opposed the motion to compel or provided any explanation how the temporary public access to the

5  archived websites necessary to effectuate their production would cause undue prejudice to its

6  intellectual property rights in that content.  Accordingly, the Court **ORDERS** the Internet Archive

7  to produce documents responsive to Request 1 of the subpoena to Jenkins within 30 days.  The

8  Court also **ORDERS** Jenkins to serve this order on the Internet Archive and Defendants in the

9  underlying action promptly.

10      **IT IS SO ORDERED.**

11

12  Dated: January 14, 2019

13

14  _____

15  THOMAS S. HIXSON
   United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

3